United States District Court
Southern District of Texas
FILED

JUN 1 7 2009

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | CRIMINAL H-09- 334 |
| | § | 18 U.S.C. § 371 |
| v. | § | 18 U.S.C. § 2320(a) |
| | § | 18 U.S.C. § 2323(b) |
| CHERRY WONG | § | 21 U.S.C. § 331(a) |
| aka Miao-qun Huang | § | |
| Defendant. | § | |

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
(Conspiracy – 18 U.S.C. § 371)

#### A. INTRODUCTION

At all times material to this indictment:

1. The United States Food and Drug Administration (FDA) is the agency of the United States charged with the responsibility of protecting the health and safety of the American public by ensuring, among other things, that drugs sold for administration to humans bear labeling containing true and accurate information. The FDA's responsibilities include regulating the labeling and distributing of prescription drugs shipped or received in interstate commerce.

2. Under the Food Drug and Cosmetic Act, the definition of a "drug" includes articles which (1) are intended for use in the diagnosis, cure, mitigation, treatment or prevention of disease in man, and (2) are intended to affect the structure or function of the body of man. Due to the toxicity and other potential harmful effects, certain drugs are not considered safe for use except for use under the supervision of a practitioner licensed by law to administer such drugs.

These drugs are known as prescription drugs.

3. Cialis was a prescription drug product that had been approved by the FDA for distribution within the United States. Cialis is used in the treatment of erectile dysfunction.

4. Eli Lilly Corporation (Lilly) had the exclusive right to manufacture Cialis for distribution within the United States.

5. The name "Cialis" was a trademark owned by Lilly and is registered on the principal register in the United States Patent and Trademark Office.

6. Viagra was a prescription drug product that had been approved by the FDA for distribution within the United States. Viagra is used in the treatment of erectile dysfunction.

7. Pfizer Pharmaceuticals (Pfizer) had the exclusive right to manufacture Viagra for distribution within the United States.

8. The name "Viagra" was a trademark owned by Pfizer and is registered on the principal register in the United States Patent and Trademark Office.

9. The Food Drug and Cosmetic Act also regulates the importation, delivery, distribution and receipt of prescription drugs in interstate commerce. Under the Act, a prescription drug is deemed misbranded if its labeling is false or misleading in any particular manner. A prescription drug is deemed adulterated if its strength, quality or purity differs from the official compendium for the drug. A prescription drug is also deemed to be counterfeit if it bears a trademark without the authorization of the registrant of the trademark.

10. CHERRY WONG, aka Miao-qun Huang, defendant herein, was a citizen and resident of the People's Republic of China who distributed counterfeit pharmaceutical drugs.

## B. THE CONSPIRACY

11. Beginning in or about October, 2005 and continuing to on or about June 17, 2009, in the Houston Division of the Southern District of Texas and elsewhere, defendant,

CHERRY WONG

did knowingly, intentionally, and willfully combine, conspire and confederate and agree with other persons unknown to the grand jury to commit certain offenses against the United States, namely:

    a. To traffic and attempt to traffic in counterfeit goods in violation of Title 18, United States Code, Section 2320(a).

    b. To violate the Food, Drug and Cosmetic Act, namely, with the intent to defraud and mislead, cause the introduction and delivery for introduction of prescription drugs into interstate commerce that are adulterated and misbranded, in violation of Title 21, United States Code, Section 331(a) and 333(a)(2).

## C. OBJECT OF THE CONSPIRACY

12. It was the object of the conspiracy for the defendant and others to unlawfully enrich themselves by the exportation of pharmaceutical drug products that bore the trademarks Cialis and Viagra, without the authorization of manufacturer of said drugs, and thereafter resell the drugs to the public.

## D. MANNER AND MEANS

The manner and means of the conspiracy included, but were not limited to the following:

13. Defendant CHERRY WONG would and did use the internet to advertise the sale

of counterfeit pharmaceuticals.

14. Defendant CHERRY WONG would and did receive orders for pharmaceutical drugs such as Cialis and Viagra.

15. Defendant CHERRY WONG would and did cause individuals residing in the People's Republic of China to place counterfeit, misbranded and adulterated Cialis and Viagra in foreign and interstate commerce by delivering the drugs to a common carrier for airfreight shipment to the United States.

16. Defendant CHERRY WONG would and did cause individuals to ship counterfeit pharmaceuticals from China to United States. The pharmaceuticals were counterfeit in that they were falsely represented to be authentic Cialis and Viagra pills. The counterfeit pills bore the same mark, shape and appearance as the genuine Cialis and Viagra pills. The packaging accompanying the pills had the same writing, color and appearance as the authentic packaging approved by the FDA for distribution in the United States.

17. Defendant CHERRY WONG would and did cause individuals to ship misbranded and adulterated pharmaceuticals from China to the United States. The pharmaceuticals were misbranded in that:

a. The labeling on the packaging containing the pills falsely represented that they contained genuine Cialis and Viagra pharmaceutical products; and

b. The pills had the same shape, color and designation which falsely represented they were the genuine Cialis and Viagra pharmaceutical products.

The pharmaceuticals were adulterated in that:

a. The Cialis and Viagra pills contained ingredients that varied in strength, quality and

purity from the genuine Cialis and Viagra pharmaceutical products; and

b. The pills were manufactured and dispensed from a non-FDA approved facility.

## OVERT ACTS

18. In furtherance of the conspiracy and to effect the objects thereof, the following Overt Acts, among others, were committed in the Southern District of Texas and elsewhere:

(1)   On or about October 17, 2005, defendant CHERRY WONG, using an internet email address, sent an email listing the tracking numbers connected to the sale of counterfeit pharmaceuticals.

(2)   On or about October 10, 2005, defendant CHERRY WONG caused coconspirators residing in the People's Republic of China to place in foreign and interstate commerce one package containing approximately 506 loose Viagra pills and approximately 500 loose Cialis pills for shipment to the United States. The counterfeit pills arrived in the United States on October 17, 2005.

(3)   On or about March 6, 2006, defendant CHERRY WONG, using an internet email address, sent an email requesting payment for a shipment of counterfeit Viagra pills be sent via Western Union to Miaoqun Huang, Cixi City, Zhejiang, China. WONG indicated the counterfeit pills would be sent via DHL due to the low risk of seizure.

(4)   On or about March 8, 2006, defendant CHERRY WONG caused coconspirators residing in the People's Republic of China to place in foreign and interstate commerce a package containing approximately 1,000 loose counterfeit Viagra pills for shipment to the United States. The counterfeit Viagra pills arrived in the United States March 10, 2006.

(5)   On or about April 12, 2007, defendant CHERRY WONG sent an email to an

undercover agent providing pricing for counterfeit Cialis and Viagra pills and furnished the following:

Cialis, the price is $1.20/pill
Viagra, the price is $0.70/pill

(6) On or about April 15, 2008, defendant CHERRY WONG received $2390 from undercover agent for a shipment of counterfeit Cialis and Viagra pharmaceutical products.

(7) On or about April 30, 2008, defendant CHERRY WONG caused coconspirators residing in the People's Republic of China to place in foreign and interstate commerce a package containing approximately 500 counterfeit Cialis pills in blister packs and 500 counterfeit Viagra pills in blister packs for shipment to the United States. The counterfeit pills arrived in the United States May 5, 2008.

(8) On or about May 14, 2008, defendant CHERRY WONG, using internet email address arashcat@hotmail.com, sent an email to an undercover agent providing information regarding the availability of Norvasc and Viagra pharmaceutical products.

(9) On or about May 20, 2008, defendant CHERRY WONG, using internet email address arashcat@hotmail.com, sent an email to an undercover agent providing the tracking number for a shipment containing counterfeit Viagra.

(10) On or about May 20, 2008, defendant CHERRY WONG caused coconspirators residing in the People's Republic of China to place in foreign and interstate commerce a package containing approximately 500 counterfeit Viagra pills in blister packs. The counterfeit pills arrived in the United States May 30, 2008.

(11) On or about May 6, 2009, defendant CHERRY WONG received $4580 from

undercover agent for a shipment containing counterfeit Cialis and Viagra counterfeit pharmaceutical products.

(12) On or about May 16, 2009, defendant CHERRY WONG caused coconspirators residing in the People's Republic of China to place in foreign and interstate commerce several packages containing approximately 1,300 counterfeit Cialis pills in blister packs, and 4,000 counterfeit Viagra pills in blister packs, for shipment to the United States. The counterfeit pills arrived in the United States, May 21, 2009.

**In violation of Title 18, United States Code, Section 371.**

## COUNT TWO
### (Misbranded Drugs)

1. On or about October 17, 2005, in the Houston Division of the Southern District of Texas, the defendant,

CHERRY WONG

with the intent to defraud and mislead, caused the introduction and delivery for introduction into foreign and interstate commerce drugs that were misbranded, namely a shipment containing loose Viagra pills that had the shape, color and name "Pfizer" which falsely represented that they were the genuine Viagra pharmaceutical drug.

**In violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).**

## COUNT THREE
### (Misbranded Drugs)

1. On or about October 17, 2005, in the Houston Division of the Southern District of Texas, the defendant,

CHERRY WONG

with the intent to defraud and mislead, caused the introduction and delivery for introduction into foreign and interstate commerce drugs that were misbranded, namely a shipment containing loose Cialis pills that had the shape, color and designation "C20" that falsely represented that they were the genuine Cialis pharmaceutical drug.

**In violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).**

## COUNT FOUR
### (Misbranded Drugs)

1. On or about April 10, 2006, in the Houston Division of the Southern District of Texas, the defendant,

CHERRY WONG

with the intent to defraud and mislead, caused the introduction and delivery for introduction into foreign and interstate commerce drugs that were misbranded, namely a shipment containing loose Viagra pills that had the shape, color and name "Pfizer" which falsely represented that they were the genuine Viagra pharmaceutical drug.

**In violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).**

## COUNT FVIE
### (Misbranded Drugs)

1. On or about May 21, 2009, in the Houston Division of the Southern District of Texas, the defendant,

CHERRY WONG

with the intent to defraud and mislead, caused the introduction and delivery for introduction into foreign and interstate commerce drugs that were misbranded, namely a shipment containing Cialis pills in blister packs that had the shape, color and designation "C20" which falsely represented that they were the genuine Cialis pharmaceutical drug.

**In violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).**

## COUNT SIX
### (Adulterated Drugs)

1. On or about April 10, 2006, in the Houston Division of the Southern District of Texas, the defendant,

CHERRY WONG

with the intent to defraud and mislead, caused the introduction and delivery for introduction into foreign and interstate commerce drugs that were adulterated, namely a shipment containing loose Viagra pills that had the shape, color and name "Pfizer" which falsely represented that the pills contained the strength, quality and purity as the genuine Viagra pharmaceutical drug.

**In violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).**

## COUNT SEVEN
### (Adulterated Drugs)

1. On or about March 10, 2006, in the Houston Division of the Southern District of Texas, the defendant,

CHERRY WONG

with the intent to defraud and mislead, caused the introduction and delivery for introduction into foreign and interstate commerce drugs that were adulterated, namely a shipment containing loose Cialis pills that had the shape, color and designation "C20" which falsely represented that the pills contained the strength, quality and purity as the genuine Cialis pharmaceutical drug.

**In violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).**

### COUNT EIGHT
### (Adulterated Drugs)

1. On or about May 5, 2008, in the Houston Division of the Southern District of Texas, the defendant,

CHERRY WONG

with the intent to defraud and mislead, caused the introduction and delivery for introduction into foreign and interstate commerce drugs that were adulterated, namely a shipment containing Cialis pills in blister packs that had the shape, color and designation "C20" which falsely represented that the pills contained the strength, quality and purity as the genuine Cialis pharmaceutical drug.

**In violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).**

### COUNT NINE
### (Adulterated Drugs)

1. On or about October 21, 2008, in the Houston Division of the Southern District of Texas, the defendant,

CHERRY WONG

with the intent to defraud and mislead, caused the introduction and delivery for introduction into foreign and interstate commerce drugs that were adulterated, namely a shipment containing Viagra pills in blister packs that had the shape, color and name "Pfizer" which falsely represented that the pills contained the strength, quality and purity as the genuine Viagra pharmaceutical drug.

**In violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).**

## COUNT TEN
### (Adulterated Drugs)

1. On or about May 21, 2009, in the Houston Division of the Southern District of Texas, the defendant,

CHERRY WONG

with the intent to defraud and mislead, caused the introduction and delivery for introduction into foreign and interstate commerce drugs that were adulterated, namely a shipment containing Cialis pills in blister packs that had the shape, color and designation "C20" which falsely represented that the pills contained the strength, quality and purity as the genuine Cialis pharmaceutical drug.

**In violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).**

## COUNT ELEVEN
### (Trafficking in Counterfeit Goods)

1. On or about October 17, 2005, in the Houston Division of the Southern District of

Texas, the defendant,

## CHERRY WONG

aided and abetted by others unknown to the Grand Jury, did intentionally traffic and attempt to traffic in goods, namely, pharmaceutical drugs, and knowingly used a counterfeit mark on and in connection with such goods, that is, the Cialis trademark used to identify a pharmaceutical product marketed by Eli Lilly, which counterfeit mark was identical with and substantially indistinguishable from the genuine mark in use and registered for that good on the principal register in the United States Patent and Trademark Office, and the use of which mark was likely to cause confusion, mistake and deception regarding said mark.

**In violation of Title 18, United States Code, Sections 2320(a) and 2.**

## COUNT TWELVE
(Trafficking in Counterfeit Goods)

1. On or about April 10, 2006, in the Houston Division of the Southern District of Texas, the defendant,

## CHERRY WONG

aided and abetted by others unknown to the Grand Jury, did intentionally traffic and attempt to traffic in goods, namely, pharmaceutical drugs, and knowingly used a counterfeit mark on and in connection with such goods, that is, the Viagra trademark used to identify a pharmaceutical product marketed by Pfizer Pharmaceuticals, which counterfeit mark was identical with and substantially indistinguishable from the genuine mark in use and registered for that good on the principal register in the United States Patent and Trademark Office, and the use of which mark was likely to cause confusion, mistake and deception regarding said mark.

**In violation of Title 18, United States Code, Sections 2320(a) and 2.**

## COUNT THIRTEEN
### (Trafficking in Counterfeit Goods)

1. On or about March 6, 2008, in the Houston Division of the Southern District of Texas, the defendant,

CHERRY WONG

aided and abetted by others unknown to the Grand Jury, did intentionally traffic and attempt to traffic in goods, namely, jewelry and packaging, and knowingly used a counterfeit mark on and in connection with such goods, that is, the Tiffany and Company trademark used to identify a jewelry marketed by Tiffany and Company, which counterfeit mark was identical with and substantially indistinguishable from the genuine mark in use and registered for that good on the principal register in the United States Patent and Trademark Office, and the use of which mark was likely to cause confusion, mistake and deception regarding said mark.

**In violation of Title 18, United States Code, Sections 2320(a) and 2.**

## COUNT FOURTEEN
### (Trafficking in Counterfeit Goods)

1. On or about May 5, 2008, in the Houston Division of the Southern District of Texas, the defendant,

CHERRY WONG

aided and abetted by others unknown to the Grand Jury, did intentionally traffic and attempt to

traffic in goods, namely, pharmaceutical drugs, and knowingly used a counterfeit mark on and in connection with such goods, that is, the Viagra trademark used to identify a pharmaceutical product marketed by Pfizer Pharmaceuticals, which counterfeit mark was identical with and substantially indistinguishable from the genuine mark in use and registered for that good on the principal register in the United States Patent and Trademark Office, and the use of which mark was likely to cause confusion, mistake and deception regarding said mark.

**In violation of Title 18, United States Code, Sections 2320(a) and 2.**

## COUNT FIFTEEN
### (Trafficking in Counterfeit Goods)

1. On or about October 21, 2008, in the Houston Division of the Southern District of Texas, the defendant,

CHERRY WONG

aided and abetted by others unknown to the Grand Jury, did intentionally traffic and attempt to traffic in goods, namely, pharmaceutical drugs, and knowingly used a counterfeit mark on and in connection with such goods, that is, the Viagra trademark used to identify a pharmaceutical product marketed by Pfizer Pharmaceuticals, which counterfeit mark was identical with and substantially indistinguishable from the genuine mark in use and registered for that good on the principal register in the United States Patent and Trademark Office, and the use of which mark was likely to cause confusion, mistake and deception regarding said mark.

**In violation of Title 18, United States Code, Sections 2320(a) and 2.**

## COUNT SIXTEEN
### (Trafficking in Counterfeit Goods)

1. On or about May 21, 2009, in the Houston Division of the Southern District of Texas, the defendant,

### CHERRY WONG

aided and abetted by others unknown to the Grand Jury, did intentionally traffic and attempt to traffic in goods, namely, pharmaceutical drugs, and knowingly used a counterfeit mark on and in connection with such goods, that is, the Cialis trademark used to identify a pharmaceutical product marketed by Eli Lilly Company, which counterfeit mark was identical with and substantially indistinguishable from the genuine mark in use and registered for that good on the principal register in the United States Patent and Trademark Office, and the use of which mark was likely to cause confusion, mistake and deception regarding said mark.

**In violation of Title 18, United States Code, Sections 2320(a) and 2.**

## NOTICE OF CRIMINAL FORFEITURE
### (18 U.S.C. 2323(b))

Pursuant to Title 18, United States Code, Section 2323(b), as a result of the commission of a violation of 18 U.S.C. §§ 2320(a), notice is given that defendant

### CHERRY WONG

shall forfeit all property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to:

    b.    the substantive violation of 18 U.S.C. §2320(a) charged in Counts Ten through

Fifteen of the Indictment.

Pursuant to Title 18, United States Code, Section 2323(a), the property subject to forfeiture includes, but is not limited to:

1. any article, the making or trafficking of which, is prohibited under section 2320;

2. any property used, or intended to be used, in any manner or part to commit or facilitate the commission of a violation under section 2320; and

3. any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of a violation under section 2320;

In the event that the property which is subject to forfeiture to the United States, as a result of any act or omission of the defendant:

(a) cannot be located upon exercise of due diligence;

(b) has been placed beyond the jurisdiction of the Court;

(c) has been transferred or sold to, or deposited with a third party;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property, pursuant to Title 21 United States Code, Section 853.

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE
FOREPERSON

TIM JOHNSON
UNITED STATES ATTORNEY

by /s/ Samuel J. Louis
SAMUEL J. LOUIS
Assistant United States Attorney
(713) 567-9737


MATTHEW J. BASSIUR, Trial Attorney
Computer Crime & Intellectual Property Section
Criminal Division, U.S. Department of Justice
1301 New York Avenue, NW, Suite 600
Washington D.C. 20005
(202) 616-7702